IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John C. Crull,                                          Case No. 1:12 CV 854

               Plaintiff,                    MEMORANDUM OPINION
                                                        AND ORDER

       -vs-
                                                        JUDGE JACK ZOUHARY
Dana Corporation,

               Defendant.

## INTRODUCTION

The Complaint in this case arises out of Defendant Dana Corporation's collection of an overpayment of retirement benefits for Plaintiff John Crull (Doc. 1 at 3). Plaintiff, a former employee of Defendant, began receiving retirement benefits in 1992 under the terms of his retirement plan. That same year, Plaintiff was diagnosed with Alzheimer's and began receiving disability benefits from the Department of Social Security. Plaintiff received benefits from both sources until 2004, when he was informed by Defendant that he had received a $60,000 overpayment due to his disability benefits. Plaintiff alleges Defendant told him he could be subject to criminal liability, and Plaintiff agreed to repay the overpayment while Defendant withheld future benefits (Doc. 1 at 3–4).

In 2008, Defendant filed for reorganization under Chapter 11 of the United States Bankruptcy Code. Defendant emerged from bankruptcy under the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession, ("Reorganization Plan") effective January 31, 2008 (Doc. 5-1). Pursuant to 11 U.S.C. § 1141(d)(1)(A), the bankruptcy court's order "discharged the debtor from any debt that arose before" the effective date of Defendant's reorganization. *See United States Dept. of*

*Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir. 1990).  Defendant has not paid any benefits to Plaintiff since 2004.

Plaintiff variously alleges violations of the Employee Retirement Income Security Act ("ERISA"), the Age Discrimination and Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"), as well as a state law claim for fraud (Doc. 1 at 3–7).  Before this Court is Defendant's Motion to Dismiss (Doc. 5), which Plaintiff opposes (Doc. 7).  For the following reasons, Defendant's Motion is granted.

## STANDARD OF REVIEW

Under Federal Civil Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While Rule 8 departs from the hyper-technical, code-pleading requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–89 (2009).  Under Rule 12(b)(6), this Court tests the legal sufficiency of the Complaint, which requires accepting all well-pleaded factual allegations as true and construing the Complaint in the light most favorable to Plaintiff.  *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007).  Although the Complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the Complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  And "[a] claim has facial plausibility when [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged."  *See Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Plaintiff's claims must be dismissed for several reasons.  First, any claims against Defendant for benefits were discharged in 2008 as a result of Defendant's bankruptcy.  Second, Plaintiff's claims under the ADEA and ADA fail to meet *Iqbal* and *Twombly*'s pleading standard and also have not been administratively exhausted.  Third, Plaintiff's claim for fraud is barred by the statute of limitations.

### Overpayment: Counts I and II

Plaintiff alleges Defendant's withholding of benefits since 2004 violates ERISA.  He further alleges that even if Plaintiff owed Defendant the $60,000 overpayment, he has since repaid that amount in full because $95,000 has been withheld (Doc. 7).  Even if so, Plaintiff has sued the wrong party.

According to the Reorganization Plan, retiree benefits "will be terminated in accordance with the Union Settlement Agreements" (Doc. 5-1 at 27).  Plaintiff, citing to the Reorganization Plan, claims "nothing in the Plan shall be construed as discharging, releasing or relieving the Debtors or the Debtor's successors from any liability . . . with respect to the Pension Plans" (Doc. 7 at 7) (citing Doc. 5-1 at 55).  However, that liability only applies to Dana Limited -- the company that emerged from bankruptcy -- and not Defendant Dana Corporation -- the company that went bankrupt.

Plaintiff also argues that at this stage in the pleadings it is inappropriate for this Court to consider the Reorganization Plan as evidence (Doc. 7 at 6).  This too is incorrect.  It is well established courts may consider public records and take judicial notice of appropriate facts. *See, e.g.*, *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (public records); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (judicial notice).  The Reorganization Plan is such

a record, and the Plan makes clear that any overpayment claim was discharged by Defendant's bankruptcy.

This Court also notes that Count II fails for an additional reason.  According to Plaintiff, "Defendant is equitably estopped from requiring repayment from [P]laintiff on any basis after payments had been made to him for approximately twelve [] years." (Doc. 1 at 5).  Nothing more is alleged.  Aside from the obvious *Iqbal* and *Twombly* issues such a claim raises, Plaintiff has utterly failed to allege any of the elements of an equitable estoppel claim.  *See Armistad v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991) (listing elements); *see also Bloemker v. Laborers Local 265 Pension Fund*, 605 F.3d 436, 444 (6th Cir. 2010) (applying estoppel in the context of a claim for benefits under a pension plan).  Notably, Plaintiff fails to even allege Defendant told him he would be eligible for both retirement benefits and disability benefits.  Without such an allegation, these claims must be dismissed.

### ADEA and ADA: Counts III and IV

Two independent grounds exist to dismiss these claims.  First, like Count II, these claims fail to meet the pleading standards in *Iqbal* and *Twombly*.  Plaintiff simply alleges "Defendant's policies and/or actions discriminate against [P]laintiff on the basis of his age in violation of the [ADEA/ADA]" (Doc. 1 at 5–6).  That is the very definition of conclusory and this Court cannot "draw the reasonable inference that [Defendant] is liable for the misconduct alleged" from that bare allegation.  *See Hensley Mfg.*, 579 F.3d at 609.

Second, Plaintiff does not allege that he sought administrative remedy before proceeding with these claims, a requirement before pursuit in federal court.  *See Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).  Without such an allegation, these claims must be dismissed.

4

**Fraud: Count V**

The final claim alleges that Plaintiff had to promise to repay the overpayment or else he could be held criminally liable.  Based on that statement, Plaintiff agreed to begin repayment (Doc. 1 at 6). Even if true, that claim is barred by the statute of limitations.  These statements were allegedly made in 2004.  Under Ohio law, the statute of limitations for fraud and misrepresentation is four years. *See* R.C. § 2305.09.  There is no claim of tolling, and Plaintiff did not file his Complaint until 2012.  This was too late.

CONCLUSION

Plaintiff, sensing the weaknesses in his Complaint, asked this Court for leave to file an Amended Complaint should the Motion to Dismiss be granted.(Doc. 7 at 7–8).  The Sixth Circuit is particularly hostile to such off-handed requests to amend once the Complaint's deficiencies are identified. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000).  Plaintiff should have filed a Motion to Amend -- explaining how such amendments would cure the challenged deficiencies -- prior to this Court's consideration of the Motion to Dismiss.  But he did not. Accordingly, Plaintiff's Motion to Amend is denied and Defendant's Motion to Dismiss is granted. The Complaint is dismissed.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 7, 2012
